UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND COLLINS,

    Petitioner,

v.                                          Case No. 21-C-26

DYLON RADTKE,

    Respondent.

## SCREENING ORDER

On January 7, 2021, Petitioner Raymond Collins, who is currently incarcerated at Green Bay Correctional Institution (GBCI), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Almost forty years ago, Petitioner was convicted in Milwaukee County Circuit Court of endangering safety, homicide, attempted homicide, and seven counts of armed robbery. In his petition, Collins alleges that his state court conviction and accompanying sentence violated the U.S. Constitution and constitutes false imprisonment in violation of Wis. Stat. § 940.30. He alleges that an arrest warrant was issued, and his parole and probation were revoked by hearing examiner Donald Schneider, but that he was never granted a revocation hearing before a magistrate judge prior to being reincarcerated in violation of state and federal law. Pet. at 6–7. He further asserts that he was not given proper notice of a revocation hearing and did not waive his right to such a hearing. *Id.* at 9. He asserts that, although he directly appealed the judgment, he does not know when he filed his appeal or petition for review with the Wisconsin Supreme Court. *Id.* at 3.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state court remedies.

At the outset, it appears that to the extent Collins is challenging his underlying convictions, this is a second or subsequent petition within the meaning of 28 U.S.C. § 2244(b). The Court dismissed a previous petition under 28 U.S.C. § 2254 as untimely in Case No. 19-CV-1787 on January 9, 2020. Under § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Collins has not obtained leave of the court of appeals to file a second petition, this Court is without jurisdiction to consider any challenge to the underlying convictions. However, to the extent Collins is challenging a revocation of parole, it is possible he has a cognizable federal claim, assuming his petition is timely, and he has exhausted his state court remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that the applicant has exhausted state remedies or there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C.

§ 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

Although Collins asserts that he appealed the judgment and petitioned the state supreme court for review, he has provided no specific information on those actions. The case is so old that a search of the Wisconsin Circuit Court Access (WCCA) website provides only partial information. The WCCA record for his case (1979CF004752) shows that he has been incarcerated at GBCI since at least November 2018, and an order denying his motion for a revocation hearing was filed in the Circuit Court for Milwaukee County on March 2020, but it does not show any administrative or judicial appeals from that decision. Therefore, it does not appear that Collins has exhausted his state court remedies with respect to his parole revocation. In order to proceed, Collins must either establish that he has in fact provided the state courts a full and fair opportunity to address his claim, which means he has asserted that claim in state court and sought review in the Wisconsin Court of Appeals and Supreme Court, or that there exists cause and prejudice for his failure to do so. Absent such a showing, Collins cannot proceed in federal court, and his case will be dismissed, or if the one-year limitations period for § 2254 petitions has almost run, stayed until such time as he fully exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). However, before dismissing a habeas application for failing to exhaust, a court must grant the petitioner fair notice and afford him an opportunity to present his position. *Day v. McDonough*, 547 U.S. 198 (2006).

**IT IS THEREFORE ORDERED** that within 30 days of the date of this order, Collins shall show cause, if any, why his application for relief under § 2254 is neither time-barred nor barred due to his failure to exhaust state remedies. If Collins fails to respond within 30 days, his petition will be dismissed.

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Collins shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility. If Collins is no longer incarcerated at a Prisoner E-Filing Program institution, he will be required to submit all correspondence and legal material to:

> Honorable William C. Griesbach
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Dated at Green Bay, Wisconsin this 16th day of March, 2021.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge